## Stephen L. Chuipek, Administrator, Appellant, v. Northwestern Yeast Company, Appellee.

### Gen. No. 21,873.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

### Statement of the Case.

Action by Stephen L. Chuipek, administrator of the estate of Luke Chuipek, deceased, plaintiff, against the Northwestern Yeast Company, a corporation, defendant, to recover for damages for death of deceased alleged to have been caused by the negligence of defendant, by whom deceased was employed. From a judgment for defendant upon a directed verdict, plaintiff appeals.

At the time of his death, plaintiff's intestate was in the employ of the defendant. His duty was to descend into a corn bin for the purpose of sweeping the walls thereof while the grain was being withdrawn, and while thus employed he became submerged in the grain and death ensued.

The bin in question was one of a series of adjoining bins contained in a large building, all of which were used as receptacles for shelled corn. The grain was withdrawn therefrom through an opening at the bottom, whence, by means of a conveyor, it was carried to the mill. These bins were cylindrical in shape, about eighty-five feet high and twenty feet in diameter. There were two openings, each about two feet square, at the top of each bin; also a spout leading from the upper conveyor, by means of which the bins were filled.

While the grain was being withdrawn therefrom, the plaintiff's intestate descended into the bin to sweep

the walls for the purpose of removing an injurious germinating dust which frequently adhered thereto. In the performance of this duty he walked around the surface of the corn. When the bottom of the bin was opened, the conveyor placed in operation and the corn being withdrawn, it caused a depression of some eight or ten feet to form in the middle of the corn surface. Plaintiff's intestate was therefore required to keep to the outer edge of the corn in order not to be drawn into the cavity thus formed. A rope was attached to the back of a harness or belt worn by the plaintiff's intestate and extended up and through a pulley block fastened to a beam in the ceiling and thence to the opening in the bin, where it was tied.

While the plaintiff's intestate was working in the bin, another man, named Tony, stayed at the top to slacken the rope as required, and to render any other necessary assistance to the plaintiff's intestate which occasion demanded, while in the performance of this work.

The accident in question occurred on a Sunday evening. The man at the top of the bin heard plaintiff's intestate call, "Stop the corn," and observed him submerged therein to a point about four inches below his arm pits, and vainly tried to pull him out by the rope, after which he tied up the rope and called for assistance. The foreman, who had started upstairs when he heard the shouts of Tony, went down into the basement and stopped the machinery, after which the two went to the top of the bin and descended into it and talked with plaintiff's intestate, who by that time had become submerged to his chin. The foreman then summoned the fireman and engineer of the building, after which it was deemed advisable to again start the conveyor and let the grain out slowly, while two of them held the rope which was attached to the belt worn by plaintiff's intestate. This also proved unavailing, where-

upon the conveyor was again stopped and the city fire department summoned. Through the combined efforts of defendant's servants and the members of the city fire department, the body of plaintiff's intestate was extricated, but not until death had intervened.

BROTHERS & BROTHERS and CRUICE & LANGILLE, for appellant.

BRUNDAGE, LANDON & HOLT, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 685*—*when evidence is insufficient to show negligence in failing to inclose or guard corn bin or provide emergency signals.* In an action to recover for the death of a deceased employee caused by becoming submerged in shelled corn in a cylindrical bin while engaged in walking on the surface of the corn and sweeping the walls during the operation of removing the corn from an opening in the bottom of the bin by machinery, evidence *held* insufficient to show negligence of the master in failing to inclose or otherwise guard the bin or to provide emergency signals.

2. MASTER AND SERVANT, § 693*—*when evidence is insufficient to show negligence in failing to maintain servants at top of corn bin.* In an action for the death of an employee caused by becoming submerged in shelled corn in a cylindrical bin while engaged in walking on the surface of the corn and sweeping the walls of the bin during the operation of removing the corn from an opening in the bottom of the bin by machinery, evidence *held* insufficient to show negligence in failing to maintain servants at the top of the bin where it appeared that one of defendant's servants was stationed there and was performing his duties at the time of the accident, that one servant for such purpose had always been sufficient and there was no evidence that the life of plaintiff's intestate could have been saved if more than one servant had been assigned to the duties at the top of such bin.

3. MASTER AND SERVANT, § 685*—*when evidence is insufficient to show negligence in restarting conveyor while employee is partially*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*submerged in grain in corn bin.* In an action for the death of an employee due to becoming submerged in shelled corn in a cylindrical bin while engaged in walking on the surface of the corn and sweeping the walls of the bin during the operation of removing the corn from an opening in the bottom of the bin by means of a conveyor operated by machinery, evidence *held* insufficient to show negligence in restarting the conveyor after deceased had already become partially submerged in the grain, where it appeared that efforts of defendant's servants to extricate deceased by means of a rope and pulley attached to his belt had been ineffectual.

---

## Anton M. Furman et al., Appellees, v. Michael Wieczorkowski, Appellant.

### Gen. No. 21,930.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

### Statement of the Case.

Action by Anton W. Furman and Alex Wisniewski, and Mary Maday, as sole devisee and legatee under the last will and testament of Henry Maday, deceased, plaintiffs, against Michael Wieczorkowski, defendant, to recover for rent due under a lease. From an order overruling a motion of defendant to vacate a judgment by confession, defendant appeals.

A. S. LAKEY, for appellant.

JOHN EARLY, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.